**Bernard Jorji HANNA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75457.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 15, 2005.

Orit Levit, Korenberg Abramowitz & Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John Davis, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, Henry J. Fredericks, USSL—Office of the U.S. Attorney, Eastern District of Missouri, St. Louis, MO, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Bernard Jorji Hanna, a native and citizen of Syria, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming in part an immigration judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing the BIA's decision for substantial evidence, *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000), we deny the petition for review.

Hanna, who is Christian, asserts that members of the Islamic Brotherhood threatened and shot at him because he impregnated a Muslim woman. However, Hanna did not report the incidents to the police and there is no evidence in the record to show that the Syrian government was aware of the incidents. Although Hanna contends that it would be futile to seek help from the government, as the BIA noted, the record shows that the Syrian government does not systematically discriminate on the basis of religion. Moreover, the record shows that, while "honor crimes" stemming from sexual misconduct are tolerated to some degree, the victims of such crimes are women. Under these circumstances, the record does not compel the conclusion that the Syrian government was unable or unwilling to control the individuals who threatened and shot at Hanna. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005).

As Hanna is unable to meet his burden of proof for asylum, he necessarily fails to meet the higher burden of proof for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Hanna has likewise failed to establish eligibility for relief under the CAT. *See Sagaydak v. Gonzales,* 405 F.3d 1035 n. 8 (9th Cir.2005).

Hanna's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.